**WO**  KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV 11-2171-PHX-GMS (ECV) |
| Plaintiff, | No. CR 10-1431-PHX-GMS |
| v. | **ORDER** |
| Luis Arturo Alonzo, | |
| Defendant/Movant. | |

On November 4, 2011, Movant Luis Arturo Alonzo, who is confined in the Federal Correctional Institution-Victorville I in Adelanto, Arizona, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The Court will call for an answer to the § 2255 Motion.

**I.    Procedural History**

Pursuant to a plea agreement, Movant pled guilty to Re-Entry of Removed Alien, in violation of 8 U.S.C. § 1326(a).  On March 28, 2011, the Court sentenced Movant to a 46-month term of imprisonment followed by 3 years on supervised release.

**II.    Section 2255 Motion**

In his § 2255 Motion, Movant alleges that he was induced to plead guilty, that he is a United States citizen through adoption, and that his attorney failed to get official documents demonstrating Movant's citizenship.

The Court will require a response to the § 2255 Motion.

. . .

**TERMPSREF**

### III. Warnings

#### A. Address Changes

Movant must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Movant must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### B. Copies

Movant must serve Respondent, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Movant must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Movant.

#### C. Possible Dismissal

If Movant fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the § 2255 Motion (Doc. 1 in CV-11-2171-PHX-GMS (ECV)) and this Order on the United States Attorney for the District of Arizona.

(2) The parties and the Clerk of Court **must file** all documents related to the § 2255 Motion in the **civil case**.

(3) The United States Attorney for the District of Arizona has **60 days** from the date of service within which to answer the § 2255 Motion. The United States Attorney may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the

1  answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver
2  of the defense. <u>Day v. McDonough</u>, 547 U.S. 198, 209-11 (2006). If not limited to
3  affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of
4  the Rules Governing Section 2255 Cases.

(4)  Movant may file a reply within **30 days** from the date of service of the answer to the § 2255 Motion.

(5)  The matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 7th day of December, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge

TERMPSREF

- 3 -